**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| N.A.C.L., | § | |
| *Petitioner* | § | |
| | § | |
| v. | § | Case No.  SA-26-CA-01003-XR |
| | § | |
| ROSE THOMPSON, IN HER OFFICIAL | § | |
| CAPACITY AS WARDEN OF KARNES | § | |
| COUNTY           IMMIGRATION | § | |
| PROCESSING CENTER; SYLVESTER | § | |
| ORTEGA, IN HIS OFFICIAL CAPACITY | § | |
| AS ACTING FIELD DIRECTOR, U.S. | § | |
| IMMIGRATION    AND    CUSTOMS | § | |
| ENFORCEMENT (ICE) SAN ANTONIO; | § | |
| TODD M. LYONS, IN HIS OFFICIAL | § | |
| CAPACITY ACTING DIRECTOR, U.S. | § | |
| IMMIGRATION    AND    CUSTOMS | § | |
| ENFORCEMENT; KRISTI NOEM, IN | § | |
| HER    OFFICIAL    CAPACITY    AS | § | |
| SECRETARY      OF      THE      U.S. | § | |
| DEPARTMENT    OF    HOMELAND | § | |
| SECURITY; AND PAMELA JO BONDI, | § | |
| IN HER OFFICIAL CAPACITY AS | § | |
| ATTORNEY    GENERAL    OF    THE | § | |
| UNITED STATES; | § | |
| *Respondents* | § | |

**<u>ORDER</u>**

On this date, the Court considered the status of this case and Petitioner's Motion for Leave to Proceed Pseudonymously (ECF No. 2).

**BACKGROUND**

Petitioner is a noncitizen detained at Karnes County Immigration Processing Center in Karnes City, Texas.  She filed this habeas petition to challenge her detention as unlawful. Petitioner is a survivor of domestic violence who has applied for immigration-related relief under

1

the Violence Against Women Act ("VAWA").  Petitioner has two United States citizen children, who witnessed Petitioner's abuse.

Because this case implicates certain facts about Petitioner's abuse, she filed a motion to proceed under a pseudonym ("N.A.C.L.") and for certain other relief to keep her and her children's identities private (ECF No. 2).

## DISCUSSION

### I.  Motion to Proceed Pseudonymously

It is "the normal practice" to "disclos[e] . . . parties' identities" in civil litigation.  *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981).  But a party "may proceed under pseudonym under exceptional circumstances." *Doe v. Strategic Partnerships, Inc.*, No. 1:19-CV-695-RP, 2019 WL 13253839, at *1 (W.D. Tex. July 30, 2019).  To determine whether this case presents such "exceptional circumstances," the Court must balance "considerations calling for maintenance of [Petitioner's] privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings."  *Id.* (quoting *Stegall*, 653 F.2d at 186).  Some relevant considerations are: whether the suit is challenging government activity, any threats of violence or harassment, and whether a "quintessentially private" matter is involved.  *Id.*; *Stegall*, 653 F.2d at 185-86.

Here, Petitioner is challenging government activity, which weighs in favor of anonymity. *Stegall*, 653 F.2d at 186.  And the Petition implicates, to at least some degree, Petitioner's past abuse, which is a "highly sensitive matter[] that involve[s] [Petitioner's] most intimate relationships and vulnerable experiences." *Strategic Partnerships*, 2019 WL 13253839, at *1; *cf. also* 8 U.S.C. 1367(a)(2) (prohibiting use and disclosure "of any information which relates to an alien who is the beneficiary of an application for" certain VAWA relief).  Petitioner also expresses

concern that disclosing her identity would likely identify her children and could increase the risk of her abuser retaliating against her.  In light of these risks and the highly private nature of some facts involved in this case, the Court will allow Petitioner to proceed under the pseudonym "N.A.C.L."

## II.  Filing Fee

The Petition was filed without prepayment of the $5 filing fee for petitions for writs of habeas corpus.  Generally, advanced payment of the filing fee is required before the case can proceed.  Thus, the Court **ORDERS** Petitioner to pay the $5 filing fee or submit an application to proceed *in forma pauperis* if unable to pay, by no later than **March 9, 2026.**

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Proceed Under a Pseudonym (ECF No. 2) is **GRANTED**.  Petitioner may proceed under the pseudonym "N.A.C.L." in all public filings and proceedings in this case.  Petitioner is **ORDERED** to file under seal an unredacted version of the initiating papers for this case, as well as a short declaration disclosing her identity.  After those documents are filed, the Court will direct the Clerk to mail them to Respondents so that Respondents have the information necessary to respond to the Petition.

It is **FURTHER ORDERED** that all parties shall comply with Federal Rule of Civil Procedure 5.2, which requires omission of certain identifying information in public filings, including the names of individuals known to be minors.

It is **FURTHER ORDERED** that Petitioner and her children's identities are not to be publicly disclosed.  Any identity-revealing materials shall be filed under seal, with redacted versions being publicly filed where feasible.  Fed. R. Civ. P. 26(c) (" The court may, for good

cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

It is **FINALLY ORDERED** that Petitioner shall pay the required $5 filing fee or, if unable to pay, submit a signed application to proceed *in forma pauperis* (IFP) **by no later than March 9, 2026.** The filing fee or IFP application (and any supporting documents) shall be submitted to the U.S. Clerk of Court, 262 W. Nueva, Suite 1-400, San Antonio, Texas 78207, referencing the case number stated in the style of this Order. **Petitioner is warned that failure to timely comply with this order may result in dismissal of this case without further notice.** *See* FED. R. CIV. P. 41(b).

It is so **ORDERED**.

**SIGNED** this 23rd day of February, 2026.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE